# Supreme Court of Florida

_____

No. SC2023-0701

_____

## IN RE: AMENDMENT TO FLORIDA RULE OF APPELLATE PROCEDURE 9.130.

December 14, 2023

PER CURIAM.

Previously in this case and on our own motion, we amended Florida Rule of Appellate Procedure 9.130 (Proceedings to Review Nonfinal Orders and Specified Final Orders) to amend the list of nonfinal orders appealable to the district courts of appeal to include those "deny[ing] a motion to dismiss on the basis of the qualifications of a corroborating expert witness under subsections 766.102(5)-(9), Florida Statutes." Because the amendment was not published for comment prior to its adoption, we gave interested persons seventy-five days in which to file comments on the amendment. Three comments were received by the Court.

Having considered the comments filed, we further amend rule 9.130(a)(3)(H) to reference subsection (12) of section 766.102,

because subsection (12) also articulates the qualifications of a corroborating expert witness.

Accordingly, we amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendment shall become effective immediately upon the release of this opinion.

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., dissents with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS AMENDMENT.

LABARGA, J., dissenting.

Recently, the majority amended Florida Rule of Appellate Procedure 9.130 on its own motion, the effect of which was to "permit interlocutory review of nonfinal orders that deny motions to dismiss on the basis of the qualifications of a corroborating witness in medical malpractice cases." *In re Amend. to Fla. Rule of App. Proc. 9.130*, 367 So. 3d 1204, 1205 (Fla. 2023) (Labarga, J., dissenting). I dissented to the majority's action on the ground that rather than invite the submission of comments after the fact, this

Court should have sent a referral to the appropriate rules committee beforehand. *See id.*

Indeed, in response to the amendment, the Appellate Court Rules Committee submitted a detailed comment that may lead to further amendments. Although I understand that sua sponte rule amendments may occasionally be necessary to address pressing matters, my concern is that a pattern of rule amendments involving significant changes—with a retroactive comment period—does not always reflect the most efficient nor the most effective way of fully incorporating the input of relevant entities.

Original Proceeding – Florida Rules of Appellate Procedure

Elaine D. Walter, Chair, Appellate Court Rules Committee, Miami, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida; Jordan A. Dulcie of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, Florida; and George Pavlidakey, Clearwater, Florida,

Responding with comments

# APPENDIX

## RULE 9.130.   PROCEEDINGS TO REVIEW NONFINAL ORDERS AND SPECIFIED FINAL ORDERS

**(a) Applicability.**

(1)-(2)      [No Change]

(3) Appeals to the district courts of appeal of nonfinal orders are limited to those that:

(A)-(G)      [No Change]

(H) deny a motion to dismiss on the basis of the qualifications of a corroborating expert witness under subsections 766.102(5)-(9), and (12), Florida Statutes.

(4)-(5) [No Change]

**(b)-(i)**      [No Change]

### Committee Notes
[No Change]